UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 19, 2017

LETTER TO COUNSEL

    RE: *Jerome Lee Myers v. Commissioner, Social Security Administration*;
           Civil No. SAG-17-131

Dear Counsel:

On January 13, 2017, Plaintiff Jerome Lee Myers petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Myers's reply. [ECF Nos. 18, 19, 20]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Myers protectively filed his claims for benefits on September 20, 2012, alleging a disability onset date of October 1, 2011. (Tr. 308-21). His claims were denied initially and on reconsideration. (Tr. 244-51, 255-58). A hearing was held on April 7, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 45-92). Following the hearing, the ALJ determined that Mr. Myers was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-44). The Appeals Council ("AC") denied Mr. Myers's request for further review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Myers suffered from the severe impairments of "degenerative disc disease of the cervical spine, carpal tunnel syndrome, asthma, obesity, learning disorder and depression." (Tr. 26). Despite these impairments, the ALJ determined that Mr. Myers retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is further limited as follows: frequently handling and fingering; occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling but never climbing ladders, ropes or scaffolds; avoiding even moderate exposure to respiratory irritants; carrying out simple tasks in 2-hour increments; and adapting to simple changes in a routine work setting.

*Jerome Lee Myers v. Commissioner, Social Security Administration*;
Civil No. SAG-17-0131
December 19, 2017
Page 2

(Tr. 28-29). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Myers could perform several jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 37-38).

Mr. Myers raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ provided an inadequate Listing analysis. Pl. Mem. 9-20; Pl. Resp. 2-11. I agree on both counts, and thus remand the case to the Commissioner. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Myers is not entitled to benefits is correct.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq*. pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three functional areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Mr. Myers to have "no more than moderate" difficulties maintaining concentration, persistence, or pace. (Tr. 27). The entirety of the analysis states:

> With regard to concentration, persistence, or pace, the claimant has no more than moderate difficulties. The claimant has reported difficulties staying on task due to pain but also reported that he likes to work on model cars daily. He is able to focus on the details of assembly without assistance.

(Tr. 27-28). According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the [ALJ] hearing and [AC] levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding

>as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Myers's case suggests that the finding of "no more than moderate difficulties" was based exclusively on Mr. Myers's "reported difficulties staying on task due to pain," since the remaining parts of the analysis would suggest mild or no limitations. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Myers to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict his RFC to "carrying out simple tasks in 2-hour increments; and adapting to simple changes in a routine work setting." (Tr. 29). Neither the limitation to 2-hour increments nor the limitation to simple changes would address concentration issues caused by pain. Indeed, the ALJ's analysis entirely fails to address Mr. Myers's ability to sustain work over an eight-hour workday, even with breaks every two hours. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a "no more than moderate" limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the limitation under the dictates of *Mascio*.

Mr. Myers also contends that the ALJ failed to properly evaluate the physical listings, particularly Listing 1.04. Pl. Mem. 14-18; Pl. Resp. 2-7. The entirety of the analysis reads:

>The State physicians and psychologists who are skilled and experienced in reviewing records and assessing the impairments and limitation [sic] that are documented in those records, concluded that the claimant's impairments did not meet or equal the requirements of any section of Appendix 1. The records that have been submitted since the State completed its review do not warrant a different determination at the third step of the evaluation process. No treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal the requirements of Appendix 1. I have reviewed the records and finds [sic] that the claimant does not have impairments which meet or equal the requirements of any section of Appendix 1 including sections 1.02, 1.04, 3.2, 12.02, 12.04 and 12.05.

(Tr. 27). The ALJ did not, however, provide any further evidence to support her conclusions that Mr. Myers's impairments did not meet or medically equal a Listing. Although the Commissioner, in her brief, offers some medical evidence in support of the argument that no Listings are met, it is not the province of this Court to cobble together a meaningful explanation for a determination that a Listing has not been not satisfied. *See Radford v. Colvin,* 734 F.3d 288, 296 (4th Cir. 2013). The ALJ should, on remand, expand her Listing analysis to cite specific medical evidence pertaining to each Listing the ALJ deems relevant. In particular, where there is evidence that could be used to support one of the relevant Listing criteria, the ALJ should explain her evaluation of that evidence in connection with her Listing conclusions.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, [ECF No. 18], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 19], is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge